IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO.: 3:13cr280-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STEVE HALE, ) <br> ) <br> Defendant. ) | CONSENT ORDER AND <br> JUDGMENT OF FORFEITURE <br> PENDING RULE 32.2(c)(2) |

Finding that there is a nexus between the property listed below and the interstate transportation of stolen property conspiracy offense of which the Defendant was found guilty at trial and that the Defendant has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 981 and/or 28 U.S.C. § 2461(c), provided, however, that, except as otherwise set forth herein, forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

- **A forfeiture money judgment in the amount of $1,209,939, such amount constituting the net proceeds[1] of the Interstate Transportation of Stolen Property conspiracy for which Defendant was convicted at trial;**

- **$60,273.64 seized from Bank of America Account XXXXX0901, such account held in the name of Steve M. Hale DBA Double D Distributing, LLC;**

- **$3,594.10 seized from Bank of America Account XXXXX9061, such account held in the name of Steve M. Hale DBA Double D Distributing, LLC;**

- **$1,481.00 in cash seized on March 24, 2014 from the Double D Warehouse;**

- **2002 Glacier Bay Island Runner 26 ft. boat, Hull number GLKG11720102;**

---

[1] The parties agree that Defendant's consent to the Money Judgment amount and forfeiture of specific assets as set forth herein does not bind Defendant in regard to Sentencing Guidelines arguments or restitution arguments, or foreclose any appeal rights that he may exercise related to appeal of his criminal conviction. The parties agree that they will inform the Court that nothing in this settlement of forfeiture issues should indicate anything about the extent or magnitude of loss amount for guideline purposes.

1

- $1,504.85 seized from Bank of America Account XXXX3082, such account held in the name of Steve M. Hale and Linda Hale;

- $5,196.07 seized from Bank of America Account XXXX3562, such account held in the name of Steven M. Hale and Linda Hale;

- $230,033.99 in funds seized from First Federal Savings Bank Account XXXXX4243, such account opened in the name of Linda Hale;

- $30,111.51 in payments seized by the United States Secret Service and made on one or more secured promissory notes for the purchase of the Northbridge Marina located at 169 Pinnacle Lane, Mooresville, Iredell County, North Carolina; and

- Any and all interest in Double D Distributing.

2. The United States Secret Service, Internal Revenue Service, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

4. A forfeiture money judgment shall be included in the Defendant's sentence, provided, the value of any forfeited specific assets shall be credited toward satisfaction of this money judgment upon liquidation.

5. Except as otherwise provided herein, any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

6. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

7. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The above-captioned parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of the Interstate Transportation of Stolen Property conspiracy of which Defendant was convicted at trial and/or substitute property and are therefore subject to forfeiture pursuant to 18 U.S.C. § 981, 28 U.S.C. § 2461(c), and/or

2

21 U.S.C. § 853(p). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States shall promptly release all interest (including any notes, leases, and contractual arrangements) arising from this matter in the properties, listed in the December 19, 2013 Superseding Bill of Indictment Notice of Forfeiture and Finding of Probable Cause in this case, that are not otherwise identified for forfeiture in paragraph one of this Consent Order. A copy of this Consent Order may be filed to resolve any lis pendens filed to encumber any such property.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____
BENJAMIN BAIN-CREED
Assistant United States Attorney

_____
STEVE HALE
Defendant

_____
NOELL TIN, ESQ.
SARAH E. BENNETT, ESQ.
Attorneys for Defendant

Signed this the 10th day of November, 2014

_____
MAX O. COGBURN
UNITED STATES DISTRICT JUDGE

Agreed to and consented to by Linda Hale, who, by and through counsel B. Frederic Williams, consents to preliminary and final forfeiture of all items set forth in paragraph 1 above and hereby waives her right to file a petition under 21 U.S.C. § 853(n) for such items, in exchange for the Government's agreement to release the remaining items identified in the Superseding Indictment from seizure, attachment, or encumbrance and to refrain from pursuing forfeiture or restitution against those remaining items. Further, the Government and Linda Hale agree that Linda Hale shall bear her own costs, including attorney fees.

Agreed to by: _____
LINDA HALE

_____
B. FREDERIC WILLIAMS
Attorney for Linda Hale

3