UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cr-00280-MOC-DSC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **STEVE HALE,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on Walgreen Co.'s "Petition under 21 U.S.C. §853 for Assets Held by United States of America by Petitioner Walgreen Co." (#60) ("Walgreens") and the government's Motion to Dismiss (#62). The court has also considered Walgreens' "Reply to Motion by United States to Dismiss Walgreens' Petition" (#65), which the court deems to be a "response." The government has filed a Reply.

In sum, petitioner seeks to have this court distribute funds held by the government which it now possesses pursuant to the Consent Order and Judgment of Forfeiture (#54). While defendant has been convicted of the offenses charged and has entered into an agreement with the government forfeiting his interest in proceeds and substitute property originating from unlawful activity directed at multiple pharmacies, defendant has not been sentenced and that conviction has not become final. Until that conviction becomes final, the Clerk of this Court cannot distribute those assets. Further, it does not appear that any of the seized assets are spoilable products taken from the shelves of Walgreens or that Walgreens' has plausibly asserts that any of such assets are directly traceable to thefts at Walgreens.

1

While the court could very well imagine situations where early return of assets to a particularly destitute victim would be called for under 21 U.S.C. § 853, especially where those assets are traceable to a single victim, the court takes notice that Walgreens is not a particularly vulnerable victim, but is a publicly traded company. Review of public filings reveals that Walgreens reported an "operating profit" of $969,000,000.00 during the quarter ending August 31, 2014.[1]

Turning to the substance of the Motion to Dismiss, Federal Rule of Criminal Procedure 32.2(c)(1)(A) provides that "[i]n the ancillary proceeding, the court may, on motion, dismiss [a] petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true." Fed.R.Crim.P. 32.2(c)(1)(A). Other courts addressing similar issues have held, as follows:

> This procedure is treated like a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) . . . . Dismissal of a claim is appropriate only where 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' . . . In ruling on a motion to dismiss, [the court] construes all well-pleaded allegations of the petition as true and draw[s] all reasonable inferences in favor of the plaintiff . . . .

United States v. Grossman, 501 F.3d 846, 848 (7th Cir. 2007). Walgreens contends that it has standing under a constructive trust theory to seek immediate return of proceeds it believes resulted from thefts from its stores.

A constructive trust is an equitable remedy, United States v. Bailey, 2013 WL 681826, at *3 (W.D.N.C. Feb. 25, 2013), which prevents the unjust enrichment of a holder of title to property who acquired such title unlawfully, such as through fraud, breach of duty, or theft. Id. In order to have standing based on a constructive trust, Walgreens must be able to trace its equitable interest to identifiable proceeds held by the wrongdoer. Id. at *4. Plausible allegations

---

[1] http://income-statements.findthecompany.com/l/8051/Walgreen

of fact that could support tracing any particular assets (now held by the government for the benefit of all victims) have not been made by Walgreens; thus, Walgreens lacks standing to pursue this petition.

As the court recalls the evidence presented at trial, boosters would steal product from different pharmacies in bulk, such goods would then be "cleaned" of labels that could identify the source of the theft, and such goods would then be sold on to fences, who would then place such goods back into the stream of commerce. Not only does the petition lack plausible allegations that could support tracing, it appears improbable that any victim will be able to trace proceeds to particular acts of theft, making the constructive trust theory unavailing. Instead, Walgreens, along with other victims, will be able to advocate for restitution at defendant's sentencing.

***

Rather than spend enormous sums on legal fees, the court would suggest that counsel for Walgreens and other victims meet with the United States Attorney in advance of sentencing and resolve their claims over what appears, in light of the magnitude of the theft, to be a very shallow pool of recovered proceeds.

**ORDER**

**IT IS, THEREFORE, ORDERED** the government's Motion to Dismiss (#62) is **ALLOWED**, and Walgreen Co.'s "Petition under 21 U.S.C. §853 for Assets Held by United States of America by Petitioner Walgreen Co." (#60) is **DISMISSED** without prejudice.

Signed: March 17, 2015

Max O. Cogburn Jr
United States District Judge