UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cr-00280-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **STEVE HALE,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Stay Forfeiture Pending

Appeal.  With the exception of one item, a 13-year old boat, all the items as to which defendant

seeks a stay are cash, which the government certainly stands in a position to reimburse if appeal

is successful.  As to the boat, it appears, without using the word "boat," that the defendant wants

the boat to be "stored and maintained in a safe condition and not be allowed to deteriorate

pending resolution of the appellate issues."  Defendant goes on to state that if the government

maintains the boat "there is no harm to the government…."  Motion (#101) at 1.  Defendant's

contention of "no harm" is not realistic as the cost to maintain a 26-foot boat is enormous.

Under Rule 32.2(d) of the Federal Rules of Criminal Procedure, "[i]f a defendant appeals

from a conviction or an order of forfeiture, the court _may_ stay the order of forfeiture on terms

appropriate to ensure that the property remains available pending appellate review." (emphasis

added). As evidenced by the text of Rule 32.2(d), a court is not required to stay an order of

forfeiture.  District courts have found that the following four factors should be considered in

determining whether a stay pending an appeal of a forfeiture order should be granted: "(1) the

likelihood of success on appeal; (2) whether the forfeited asset is likely to depreciate over time;

(3) the forfeited asset's intrinsic value to the defendant; and (4) the expense of maintaining the forfeited property." United States v. Droganes, 893 F.Supp.2d 855, 894 (E.D.Ky.2012) (citing United States v. Clark, No. 05–80810, 2007 WL 1140913 (E.D.Mich. Apr. 17, 2007); United States v. Hronek, No. 5:02–cr–142, 2003 WL 23374653 (N.D.Ohio Aug. 4, 2003)); accord United States v. Peters, 784 F.Supp.3d 234, 235 (W.D.N.Y.2011); United States v. Davis, No. 07–cr–11, 2009 WL 2475340, at *2 (D. Conn. June 13, 2009); United States v. Riedl, 214 F.Supp.2d 1079, 1082 (D.Haw.2001).

Defendant has made no attempt to address any of those factors in seeking a stay. Indeed, each of the factors weighs against a stay as the court finds that: (1) it unlikely that defendant will succeed on appeal as the trial was fairly conducted and the verdict was fully supported by the evidence; (2) the boat *will*, as all boats do, depreciate in value over time, making conversion of that vessel into cash more advantageous to the government and the defendant; (3) defendant has not informed the court of any intrinsic or sentimental value in the boat and does not even use the word "boat" in his motion; and (4) maintaining a 26 boat in dry dock is a substantial expense and requires not just dockage (dry, wet, or yard) fees, but upkeep as systems maintenance would be required to preserve the integrity of the engine(s).

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Stay Forfeiture Pending Appeal (#101) is **DENIED**.

Signed: November 19, 2015



Max O. Cogburn Jr.
United States District Judge