UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case 3:13CR280-MOC

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | **FINAL ORDER AND JUDGMENT** |
| v. | ) | **CONFIRMING FORFEITURE** |
| | ) | |
| STEVE HALE | ) | |

Upon Motion of the United States for a Final Order and Judgment of Forfeiture, THE COURT FINDS AS FOLLOWS:

On November 12, 2014, following a multi-day jury trial as well as the filing of a Motion for Money Judgment and Preliminary Order of Forfeiture (Doc. 39), this Court entered a Consent Order and Judgment of Forfeiture (Doc. 54)—signed by Defendant and his wife—for a boat as well as seized cash and funds from bank accounts and from payments on a promissory note. As the Government articulated in the Motion and lengthy attachments, the funds are derived from a variety of sources. Some funds constitute proceeds of the Interstate Transportation of Stolen Property ("ITSP") crime of which Steve Hale was convicted while some are substitute property subject to forfeiture under 21 U.S.C. § 853(p).[1]

---

[1] The Consent Order included (1) $60,273.64 in funds from Double D Bank of America Account 0901, which the Government had argued were proceeds; (2) $3,594.10 in funds from Double D Bank of America Account 9061, which the Government had argued were proceeds; (3) $1,481 in funds seized from the Double D warehouse, which the Government had argued were proceeds; (4) a 2002 Glacier Bay boat, which the Government had argued was proceeds; (5) $1,504.85 in funds from Steve and Linda Hale Bank of America Account 3082, which the Government had argued were proceeds; (6) $5,196.07 in funds from Steve and Linda Hale Bank of America Account 3562, which the Government had argued were proceeds; (7) $230,033.99 in funds from Linda Hale First Federal Savings

1

Ancillary hearings followed issuance of the Consent Order. Specifically, Walgreens timely filed a Petition (Doc. 60) claiming the assets. The Government filed a Motion to Dismiss (Doc. 62) that Petition on the bases of failure to establish standing and failure to state a claim. Following briefing on the Motion by the parties this Court issued an Order (Doc. 67) dismissing the Petition.

Despite ample notice of the forfeiture action, no other individuals or entities claimed interests in the properties. Specifically, as reflected on the Submission of Documentation of Direct Notice (Doc. 88) and its attachments, the United States provided direct notice of the Consent Order to the only two entities that reasonably appeared to be potential claimants to one or more of the forfeited properties. First, on November 14, 2014 and via United States Postal Service Certified Mail, Return Receipt Requested, the Government provided a copy of the Consent Order to H & H & H c/o Registered Agent. Said Notice was delivered on November 20, 2014. H & H & H did not file a petition. Second, on December 2, 2014 and via United States Postal Service Certified Mail, Return Receipt Requested, the Government provided a copy of the Consent Order to Double D Warehouse and Double D Warehouse c/o Registered Agent. The Postal Service attempted to deliver the Order but ultimately could not locate an authorized recipient and simply left notice of the mailing at the Warehouse, as evidenced by the attachments to the Submission of Documentation of Direct Notice. Double D did not file a petition.

---

Account 4243, which the Government had argued were substitute property; and (8) $30,111.51 in funds from payments on a promissory note, which the Government had argued were substitute property. Pursuant to agreement of the parties to the Consent Order, the remainder of the assets that the Government had sought in its Motion were not forfeited.

Finally, as reflected on the Submission of Declaration of Publication (Doc. 57), in accordance with law, the Government also published notice of the forfeiture on www.forfeiture.gov.

It appears from the record that no petitions other than the Walgreens Petition, which was dismissed, have been filed. Based on the record in this case, including the verdicts of guilty, the trial evidence, the Government's Motion for Money Judgment and Preliminary Order of Forfeiture (Doc. 39) and its attached affidavits of the case agents, the Consent Order and Judgment of Forfeiture (Doc. 54), the sentencing materials, the Submission of Documentation of Direct notice, and the Submission of Declaration of Publication, the Court finds, in accordance with Rule 32.2(c)(2), that issuance of a Final Order and Judgment Confirming Forfeiture is appropriate.

IT IS, THEREFORE, ORDERED:

In accordance with Rule 32.2(c)(2), the Consent Order and Judgment of Forfeiture is confirmed as final. All right, title, and interest in the following property, whether real, personal, or mixed, has therefore been forfeited to the United States for disposition according to law:

- **$60,273.64 seized from Bank of America Account XXXXX0901, such account held in the name of Steve M. Hale DBA Double D Distributing, LLC;**

- **$3,594.10 seized from Bank of America Account XXXXX9061, such account held in the name of Steve M. Hale DBA Double D Distributing, LLC;**

- **$1,481.00 in cash seized on March 24, 2014 from the Double D Warehouse;**

- **2002 Glacier Bay Island Runner 26 ft. boat, Hull number GLKG11720102;**

- **$1,504.85 seized from Bank of America Account XXXX3082, such account held in the name of Steve M. Hale and Linda Hale;**

- **$5,196.07 seized from Bank of America Account XXXX3562, such account held in the name of Steven M. Hale and Linda Hale;**

- **$230,033.99 in funds seized from First Federal Savings Bank Account XXXXX4243, such account opened in the name of Linda Hale;**

- **$30,111.51 in payments seized by the United States Secret Service and made on one or more secured promissory notes for the purchase of the Northbridge Marina located at 169 Pinnacle Lane, Mooresville, Iredell County, North Carolina; and**

- **Any and all interest in Double D Distributing.**

The defendant's Motion to Stay Forfeiture Pending Appeal (#101) is **DENIED** for the reasons stated in a separate Order.

SO ORDERED.

Signed: November 19, 2015

Max O. Cogburn Jr
United States District Judge